# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| ROBERT C. CLANTON, | ) |
|     *Petitioner*, | ) Case No. 4:19-cv-39 |
| v. | ) Judge Travis R. McDonough |
| MIKE PARRIS, | ) Magistrate Judge Christopher H. Steger |
|     *Respondent*. | ) |

## MEMORANDUM OPINION

Petitioner, a state prisoner, filed a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1) and a memorandum in support thereof (Doc. 2). But Petitioner's memorandum (*id.*) was unsigned and did not satisfy Rule 11(a) of the Federal Rules of Civil Procedure. Accordingly, on June 1, 2022, the Court entered an order requiring Petitioner to return a signed copy of the last page of that document within fifteen (15) days from the date of entry of that order and directing the Clerk to strike Petitioner's unsigned memorandum (*id.*) from the record if he did not comply, among other things. (Doc. 20.)

Petitioner did not comply with this order or otherwise communicate with the Court, and his time for doing so passed. Accordingly, the Clerk struck Petitioner's memorandum (Doc. 2) from the record.

As Petitioner's unsigned memorandum (*id.*) contained a substantial portion of his allegations to support his claims for habeas corpus relief, it appeared to the Court that because Petitioner was unwilling to return a signed copy of that memorandum, he may not intend to proceed with this action at all. Thus, on August 4, 2022, the Court entered an order requiring

Petitioner to show cause as to why the Court should not dismiss this action for want of prosecution and/or failure to comply with a Court order within fifteen (15) days of entry of that order. (Doc. 21.) However, Petitioner has not complied with this order or otherwise communicated with the Court, and his time for doing so has passed. As such, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "[litigant] fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b).") (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Petitioner's failure to comply with the Court's previous order is due to his willfulness or fault, as it appears that Petitioner received that order and chose not to comply. As to the second factor, the Court finds that Petitioner's failure to comply with the Court's previous order has not prejudiced Respondent. As to the third factor, the Court's previous order notified Petitioner that failure to timely comply therewith would result in dismissal of this action without further notice. (Doc. 21, at 1.) Finally, as to the fourth factor,

the Court finds that alternative sanctions are not warranted, as Petitioner has failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Petitioner's pro se status prevented him from complying with the Court's previous order, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner failed to prosecute this action, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue. Also, the Court **CERTIFIES** that any

3

appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

    **SO ORDERED.**

                                      */s/ Travis R. McDonough*
                                      **TRAVIS R. MCDONOUGH**
                                      **UNITED STATES DISTRICT JUDGE**